ALFRED K. TAYLOR v. PETER F. DEVEAUX AND JOSEPHINE DEVEAUX.

*Taxes—Validity of deed—Subpoena—Jurisdiction—Conclusiveness of deed.*

Plaintiff brought ejectment, basing his right to recover upon a tax deed for the year 1887. The defendants are husband and wife, and resided upon the land, which was owned by the wife, but assessed to the husband, upon whom alone the subpoena, issued upon the filing of the Auditor General's petition, was served. The wife did not appear. And it is held:

a—That the court obtained no jurisdiction as to the wife, and the deed is therefore void as against her; citing *Fowler v. Campbell, ante,* 398.

b—That the Legislature has attempted to have questions in regard to the validity of taxes settled before sale, by an adjudication in a judicial proceeding, and that the first requisite is jurisdiction of the person to be bound by the decree.

c—That section 67 of the tax law of 1889 (3 How. Stat. § 1170g6), which provides that the deeds issued by the Auditor General "shall convey an absolute title to the land sold, and be conclusive evidence of title in fee in the grantee, subject, however, to all taxes assessed and levied on such land subsequent to the taxes for which the same was bid off, and the deed shall so state," of necessity determines the nature of the title conveyed by a valid sale and deed, and that it is not within the power of the Legislature to deny the right to defend title against a tax deed.[1]

---

[1] For cases involving questions arising in proceedings under the tax law of 1889 for the sale of delinquent tax lands, see *Millard v. Truax,* 99 Mich. 157, and note, and *Fowler v. Campbell, ante,* 398.

Error to Saginaw.   (Gage, J.)   Argued April 12, 1894. Decided June 2, 1894.

Ejectment.   Plaintiff brings error.   Affirmed.   The facts are stated in the opinion.

*G. K. Grout* (*D. P. Foote*, of counsel), for appellant.

*G. W. Davis*, for defendants.

HOOKER, J.   Plaintiff brought ejectment, basing his right to recover upon tax deeds for the years 1886 and 1887.   The court directed a verdict for the defendants, and the plaintiff brings error.   The deed for the year 1886 is not relied upon.

The defendants resided upon the premises, which belonged to Josephine Deveaux, as the record showed.   They were assessed to Peter F. Deveaux, and the subpoena, upon the Auditor General's petition, issued to and was served upon him, and not upon Josephine Deveaux, who did not appear.

The court obtained no jurisdiction, and the deed was therefore void against her.   *Fowler v. Campbell, ante,* 398, covers this question.

It is contended that the deed is conclusive evidence of title in fee in the grantee.   3 How. Stat. § 1170$g$6, provides that "such deeds shall convey an absolute title to the land sold, and be conclusive evidence of title in fee in the grantee."   A case cited holds that a similar statute of Wisconsin could be given effect as a statute of limitation.   *Smith v. Cleveland,* 17 Wis. 566.   We do not find this decision followed.   Under our tax law the Legislature has attempted to have questions in regard to the validity of taxes settled before sale, by an adjudication.   The proceeding is a judicial one, and the first requisite is jurisdiction of the person to be bound by the decree.   We

cannot believe that it was the intention of the Legislature to require judicial proceedings involving personal service of a subpoena for their foundation, and at the same time provide that delivery of a deed under the decree shall effectually conclude the owner, whether the court acquired jurisdiction or not. The statute, of necessity, determines the nature of the title conveyed by a valid sale and deed, viz., an absolute title in fee, subject to subsequent taxes. It is not within the power of the Legislature to deny the right to defend title against a tax deed. Blackw. Tax Titles, §§ 78–80; Cooley, Const. Lim. (6th ed.) 452. We think it much more consistent to hold that the legislative intent was that the deed should be evidence of title in fee-simple, after the right to give the deed had been shown, by proof of a valid decree. Cooley, Tax'n, p. 355, and cases cited.

The judgment will be affirmed.

The other Justices concurred.