(October 4, 1910.)

## ELIZA A. WILSON, Appellant, v. W. F. LOCKE, Respondent.

[111 Pac. 247.]

ACTION TO QUIET TITLE—TAX LEVY—DELINQUENT TAX—SALE OF PROPERTY—SMALLEST SUBDIVISION—TAX DEED—RECITALS IN—CONCLUSIVE EVIDENCE—PRIMA FACIE EVIDENCE—CONSTITUTIONAL LAW.

(Syllabus by the court.)

1. A recitation in a tax deed as follows: "That the said least quantity or smallest portion of interest in said land lying and being within said Ada county, as hereinafter described . . . . was by the said H. E. Neal, as treasurer of said Independent School District of Boise City, sold and struck off to said W. F. Locke who paid the full amount of said taxes, costs and charges," *held* sufficient to make a *prima facie* case on the question that that was the least quantity or smallest portion of the property sold that the purchaser would take and pay taxes and costs.

2. It is not within the power of the legislature to declare that a tax deed is conclusive evidence of a compliance with all of the requirements that are essential to the exercise of the taxing power, and thus deny the right to defend title against a tax deed as to all jurisdictional questions.

3. That provision of section 177 of the Special and Local Laws of Idaho, p. 40, to wit, that "Any deed derived from the sale of real property under this act shall be conclusive evidence of title except as against actual frauds or prepayment of taxes upon which such sale was made," etc., in so far as it would deny the right to defend title against a tax deed, *held* unconstitutional, as it would result in the confiscation of property without due process of law.

4. Under the provisions of sec. 1765, Rev. Codes, a tax deed duly acknowledged and proved is *prima facie* evidence of the regularity of all of the proceedings therein from the assessment up to the execution of the tax deed. The provisions of that section shift the burden of proof.

5. Where it is made the duty of the treasurer of the school district to make the sale of land for delinquent school taxes, it is sufficient if the clerk of the school board attends and makes the sale at the instance and request of the treasurer.

6. The record fails to show that the trial court rejected any evidence offered to show that any of the jurisdictional requirements of the law in this matter had not been complied with.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Fremont Wood, Judge.

Action to quiet title. Judgment for defendant. *Affirmed.*

E. J. Frawley, and G. G. Adams, for Appellant.

A statute which undertakes to make a tax deed conclusive evidence of a complete title, and to preclude the owner of the original title from showing the invalidity of such deed, is not a law merely regulating evidence; it is unconstitutional confiscation of property. (Cooley on Taxation, 2d ed., 298, 521; Cooley, Const. Lim., 4th ed., 459; Blackwell, Tax Titles, 4th ed., 83; Black, Tax Titles, sec. 253; 27 Am. & Eng. Ency. of Law, 979, and authorities cited; *Joslyn v. Rockwell,* 128 N. Y. 334, 28 N. E. 604; *Roberts v. First Nat. Bank,* 8 N. D. 504, 79 N. W. 1049; *Gardner v. Early,* 69 Ia. 42, 28 N. W. 427; *Allen v. Armstrong,* 16 Ia. 508; *Corbin v. Hill,* 21 Ia. 70; *Dawson v. Peter,* 119 Mich. 274, 77 N. W. 998; *Taylor v. Deveaux,* 100 Mich. 581, 59 N. W. 250; *Marx v. Hanthorn,* 12 Saw. 365, 30 Fed. 579, 148 U. S. 172, 13 Sup. Ct. 508, 37 L. ed. 410.)

If the entire land is sold, the deed should show that this became necessary. (*Brookings v. Woodin,* 74 Me. 222.)

A sale of an entire parcel of land is invalid where there was an omission of the record to show that a sale of the whole "was required to pay the tax, interest and charge," or that the treasurer first offered for sale a fractional part as required by the statute. (*French v. Patterson,* 61 Me. 203; *Straw v. Poor,* 74 Me. 53; *Polk v. Rose,* 25 Md. 153, 89 Am. Dec. 773; *Martin v. Cole,* 38 Ia. 141; *Norres v. Hays,* 44 La. An. 907, 11 So. 462; *Tucker v. Whittlesey,* 74 Wis. 74, 41 N. W. 535, 42 N. W. 101; *Walker v. Moore,* 2 Dill. (U. S.) 256, Fed. Cas. No. 17,080; *Montgomery v. Birge,* 31 Ark. 491.)

A sale by any other than the officer designated for that purpose, or his deputy, is unauthorized and void. (27 Am. & Eng. Ency. of Law, 831; *Hull v. Greeley,* 31 Fla. 471, 12 So. 469; *Hall v. Collins,* 117 Mich. 617, 76 N. W. 72; *Loose v. Navarre,* 95 Mich. 603, 55 N. W. 435.)

D. D. Williams, and John J. McCue, for Respondent.

A landholder cannot, after he has allowed his property to be sold for taxes and the purchaser has acquired title by tax deed, overturn the plain provisions of the tax law through a technicality. (*Quivey v. Lawrence,* 1 Ida. 313; *Co-operative etc. Assn. v. Green,* 5 Ida. 660, 51 Pac. 770; *Bacon v. Rice,* 14 Ida. 107, 93 Pac. 511; *Gwynne v. Neiswanger,* 18 Ohio, 400; *Steeple v. Downing,* 60 Ind. 478; *Callanan v. Hurley,* 93 U. S. 387, 23 L. ed. 931; *De Treville v. Smalls,* 98 U. S. 521, 25 L. ed. 174; *Griffin v. Dogan,* 48 Miss. 11; *Rollins v. Wright,* 93 Cal. 395, 29 Pac. 58; *Steadman v. Bank,* 7 Ark. 424.)

Many courts of last resort have held that if a law similar to the law under consideration here is not sufficient to make the deed conclusive evidence of title, it is valid, but have decided that such law could not preclude the party claiming adversely to the deed from proving the absence of some jurisdictional fact that would make the deed invalid, such as showing that the land was not subject to taxation, or that the land had been redeemed after the sale where the party has been deprived of some substantial right, and have thrown the

burden of proving those facts upon the party seeking to impeach the sale. (*Martin v. Barbour,* 140 U. S. 634, 11 Sup. Ct. 944, 35 L. ed. 546; *Bronson v. Lumber Co.,* 44 Minn. 348, 46 N. W. 570; *Lufkin v. Galveston,* 73 Tex. 340, 11 S. W. 340; *Milledge v. Coleman,* 47 Wis. 184, 2 N. W. 77; *Coleman v. Lumber Co.,* 30 Fed. 317; *Marsh v. Park Assn.,* 25 App. Div. 34, 49 N. Y. Supp. 384; *Wood v. Knapp,* 100 N. Y. 109, 2 N. E. 632; *Brown v. Allen,* 57 Hun, 219, 10 N. Y. Supp. 714.)

The deed recites specifically that W. F. Locke was the bidder who was willing to take the smallest portion of the interest in said lots and pay the taxes, cost and charges thereof, etc., and also recites that the said least quantity was the whole of the lots. This satisfied the law that the treasurer shall only sell the smallest quantity, etc. (*Rollins v. Woodman,* 117 Cal. 516, 49 Pac. 455; *Doland v. Mooney,* 79 Cal. 137, 21 Pac. 436; *Hewes v. McLellan,* 80 Cal. 393, 22 Pac. 287.)

SULLIVAN, C. J.—This is an action to quiet title to lots 8, 9, 10, 11 and 12 in block 5 of Ireland's addition to Boise City. Said lots were sold by the clerk of the Independent School District under and by virtue of an alleged delinquency and failure to pay school taxes, and penalty, in the sum of $4.15. The complaint is in the usual form of complaints to quiet title, and prays that the defendant be required to set forth the nature of his claim and that plaintiff be decreed to be the owner of said lots. To this complaint the defendant answered, denying the ownership or the possession of the plaintiff or that she was entitled to the possession of said lots; admitted that plaintiff claimed an estate and interest in said premises, and the whole thereof, adverse to plaintiff; and also, by way of cross-complaint, asked to have the title to said lots quieted in the defendant.

Upon the issues thus made, trial was had and judgment entered in favor of the defendant. A motion for a new trial was denied, and this appeal is from the judgment and order denying a new trial.

The respondent's title to said lots is founded upon a school tax deed given by the treasurer of the Independent School District of Boise City. During the trial the plaintiff introduced in evidence abstracts of title to said lots and other documents and rested. The defendant thereupon offered in evidence the treasurer's certificate of sale of said real estate to respondent for delinquent school taxes for 1905, also the tax deed of the treasurer of said school district to the respondent. Several objections were made to the introduction of each of said instruments and some of them were as follows: For the reason that the preliminary steps preceding the issuance of said tax deed have not been shown, either as notice, return or report of officer, nor any of the steps required in order to obtain a tax deed under the laws of said Independent School District or under the laws of the state of Idaho, and for the further reason that there is no provision in the school laws creating said school district making the tax deed *prima facie* evidence as to the recitals therein contained; and for the further reason that there is no provision of law whatever that would warrant the introduction of the deed offered in evidence in any event unless the different successive steps required by law to be taken in such matter were first shown to have been taken; and for the further. reason that the provisions relative to making such tax deed conclusive evidence of the fact that all the steps required by law in said matter had been taken are void.

The questions presented go to the sufficiency of the proceedings had in the assessment and sale of said lots, the recitals in said deed and to that part of the school law of Boise City (Special and Local Laws of Idaho, sec. 177, p. 40), which provides that "Any deed derived from a sale of real property under this act shall be conclusive evidence of title, except as against actual frauds or prepayment of the taxes upon which such sale was made and shall entitle the holder thereof to a writ from the district court to obtain possession of such property."

It is first contended that it does not appear that the treasurer in making the sale of said property for taxes sold

the smallest quantity that any purchaser would take and pay the taxes and all costs, as required by law. It is true there is no evidence except that contained in the deed as to the treasurer's having sold the smallest portion of said property anyone would take and pay said taxes and costs. It is recited in the tax deed as follows: "That the said least quantity or smallest portion of interest in said land lying and being with said Ada County, as hereinafter described, . . . . was by the said H. E. Neal, as treasurer of said Independent School District of Boise City, sold and struck off to said W. F. Locke who paid the full amount of said taxes, costs and charges," etc. We think that sufficient to make a *prima facie* case on the point under consideration.

The next question discussed in appellant's brief is the power of the legislature to make tax deeds *prima facie* or conclusive evidence. It is well settled that the legislature does not possess the power to make or declare tax deeds conclusive evidence of a compliance with those requirements that are essential to the exercise of the taxing power, and that a statute that undertakes to make a tax deed "conclusive evidence of a complete title, and to preclude the owner of the original title from showing the invalidity of such deed," is unconstitutional, and would result in confiscation of property without due process of law. (Cooley on Taxation, 2d ed., 298, 521; Cooley on Const. Lim., 4th ed., 459; Blackwell on Tax Titles, 4th ed., 83; Black on Tax Titles, sec. 253.) However, it is competent for the legislature to declare that a tax deed shall be *prima facie* evidence, not only of the regularity of the sale, but of all prior proceedings and of title in the purchaser. But the legislature cannot deprive one of his property by making his adversary's claim to it conclusive of its own validity. (Cooley on Taxation, 2d ed., 183.)

In passing upon a similar question, in *Gardner v. Early,* 69 Iowa, 42, 28 N. W. 427, the court said: "As to this we desire simply to say that the deed cannot be regarded as conclusive evidence of a sale which the treasurer had no power to make."

In *Taylor v. Deveaux*, 100 Mich. 581, 59 N. W. 250, it is said: "It is not within the power of the legislature to deny the right to' defend title against a tax deed," and cites Blackwell on Tax Titles, p. 80; Cooley's Const. Lim., 2d ed., 368. (See, also, *Dawson v. Peter*, 119 Mich. 274, 77 N. W. 997.)

It is clear that the great weight of authority as to matters which are jurisdictional, in the exercise of the taxing power, is to the effect that the recitations in a tax deed cannot be made conclusive by legislative enactment, and thus deny the right to defend against such deed. That provision of said section of the school law of Boise City making tax deeds conclusive evidence of title is clearly unconstitutional, unless the phrase in said section, "except against actual frauds," be construed to include all matters which are jurisdictional in the taxing power to levy the tax.

Under the provisions of sec. 1765, Rev. Codes, a tax deed duly acknowledged and proved is *prima facie* evidence of the regularity of all other proceedings therein from the assessment up to the execution of the tax deed. It is contended that the foregoing section does not apply to tax deeds executed by Independent School District of Boise City, but that contention is not well founded. In the absence of a special law applicable to deeds executed by said district, the general law would apply. Making a tax deed *prima facie* evidence of title simply shifts the burden of proof, but does not deny the right to defend title against a tax deed.

We conclude that such tax deeds are *prima facie* evidence of the regularity of all of the proceedings from the assessment of the property, inclusive, up to the execution of the deed, but this does not prevent the owner of the property from showing as a defense that any of the jurisdictional acts in the assessment or sale of the property have not been performed.

There was no effort on the part of the appellant to introduce evidence tending to show that any jurisdictional act required to be done in the assessment and sale of said property had not been done by the treasurer or officer authorized

to make such sale. There was some evidence introduced to show that the treasurer himself did not make the tax sale, but that the clerk of the school board made the sale under notice given by the treasurer, with his knowledge and consent, and it is contended that the sale is void for that reason. The clerk acted as the deputy or acted for the treasurer with his approval, and it was held in *Commercial Bank of Augusta v. Sandford,* 103 Fed. 98, that sales of land under a tax execution directed to the sheriff are not unlawful because made by a person who acts as deputy with the approval of the sheriff, although his appointment as deputy has not been confirmed by the judge of the court as required by statute, but that his acts are valid as those of an officer *de facto.* The fact that the clerk attended the sale and performed the duties required by law of the treasurer would not invalidate the sale, as he did so with the knowledge and consent of the treasurer.

It is contended by counsel that the respondent has failed to show that the tax certificate was filed with the county recorder, and that such filing is a condition precedent to the execution of the deed, and for that reason the deed was issued without authority of law and passed no title. The law requires such certificate to be issued in duplicate, one to be given to the purchaser and the other to be filed with the county recorder, and the one introduced in evidence no doubt was the duplicate given to the purchaser. There is no evidence in the record to show that the original was not filed as required by law, and it is not necessary for us to pass upon the question whether or not the failure to file the original as required by law was a jurisdictional act. So far as the evidence shows, everything required by law to be done was done in said matter. The record does not show that the trial court rejected any evidence that was offered to show that the jurisdictional requirements had not all been complied with in said matter.

The evidence shows that the plaintiff paid the county and state tax on said lots after said tax sale had been made, and it seems a hardship that she should now lose property that

is worth perhaps a thousand dollars for the insignificant tax of $4.15; but upon the record before us, this court is powerless to grant her any relief.

The judgment must be affirmed, and it is so ordered.

Ailshie, J., concurs.