(September 28, 1911.)

## KATE L. LAND, Respondent, v. WALTER HEA and JOHN HEA, Appellants.

[118 Pac. 506.]

HORTICULTURAL INSPECTION LAW—INNOCENT PURCHASER—WANT OF CONSIDERATION.

(Syllabus by the court.)

1. Where W. imported fruit trees and nursery stock into this state and sold and disposed of the same in violation of the provisions of sec. 1318 of the Rev. Codes, which requires every person to make application and procure a certificate from the State Board of Horticultural Inspection before importing and selling such stock, and sold a part thereof to L., for which he received the assignment of a contract to purchase land, and subsequent to such sale the trees were examined by the horticultural inspector and found diseased and infested with pests, and were destroyed in accordance with the statute, and there was consequently a total failure of consideration for the assignment of such contract, and where W. thereafter assigned such contract to J. in consideration of the cancellation by J. of a pre-existing indebtedness for money loaned in purchasing and shipping the trees to this state: *Held,* that J. was not an innocent purchaser for value so as to enable him to successfully defend an action prosecuted by L. to cancel the assignment of the contract for want of consideration.

2. ID.—Where, under such circumstances, L. tendered and paid into court all the expense and interest thereon that J. had incurred under the assignment of contract for the sale of land, *held,* that in equity and good conscience J. should be compelled to surrender up and cancel the contract upon receipt of the amount actually expended under the alleged purchase, and that the pre-existing indebtedness from W. to J. would still exist in favor of J.

APPEAL from the District Court of the Fourth Judicial District, in and for Twin Falls County. Hon. Edward A. Walters, Judge.

Action by plaintiff to rescind a contract and cancel an assignment thereof. Judgment for plaintiff and defendants appeal. *Affirmed.*

Sweeley & Sweeley, for Appellants.

The cancellation of the *bona fide* indebtedness in the purchase of the real estate was of itself and alone sufficient consideration to sustain the purchase. (*Knox v. McFarran,* 4 Colo. 586; *Murray v. National Concordia,* 5 Kan. App. 456, 49 Pac. 326; *Schluter v. Harvey,* 65 Cal. 158, 3 Pac. 659; *Frey v. Clifford,* 44 Cal. 355.)

The respondent was guilty of such laches in pressing her claim as to have waived her right, if any she had, and should not be permitted to set up her claim as against John Hea.

It was her duty to rescind at once upon the discovery of the facts. Equity demands of her diligence in her own protection in giving notice, and pursuing her remedy, as well as for the protection of those who might innocently become interested in the contracts. (*Barfield v. Price,* 40 Cal. 535; *Blen v. Bear River etc. Min. Co.,* 20 Cal. 602, 81 Am. Dec. 132; 3 Morr. Min. Rep. 435; *Caldwell v. Ruddy,* 2 Ida. 1 (5), 1 Pac. 339; *Cowen v. Harrington,* 5 Ida. 329, 48 Pac. 1059.)

Longley & Hazel, for Respondent.

"The assignee of a non-negotiable chose in action stands exactly in the place of his assignor, has no greater rights than his assignor in the thing assigned, and takes it subject to all of the defenses, such as illegality in its inception, which arose out of the original transaction." (2 Ency. of Law, 2d ed., p. 1079; *Myers v. Water Co.,* 10 Cal. 569, 2 Morr. Min. Rep. 541; 15 Ency. of Law, 2d ed., 1012, 1080, and cases.)

AILSHIE, J.—This action was commenced by the plaintiff, who is respondent here, to have a certain contract and the assignment thereof canceled and declared void, and for the cancellation of a deed issued under such contract. Judgment was entered for the plaintiff and the defendants appeal.

Some time prior to the 13th of May, 1908, the appellant, Walter Hea, shipped from the state of Iowa to Twin Falls, in this state, two carloads of fruit trees and nursery stock.

After receiving the same at Twin Falls, he began selling it off to such persons as desired to purchase and finally traded a large quantity thereof, amounting to something over $2,000 in value, to the respondent herein, for which he received an assignment of a contract for deeds to two lots in the city of Twin Falls. Hea had failed and neglected to make application to the State Board of Horticultural Inspection under the provisions of secs. 1318 and 1319, Rev. Codes, and had failed to procure a certificate authorizing him to engage in the business of importing and selling fruit trees and nursery stock. He never at any time pretended to comply with the provisions of the statute, secs. 1318 to 1322, Rev. Codes. Walter Hea borrowed money necessary to purchase the nursery stock and make the shipment from his father, John Hea, and the latter came from the state of Illinois to Twin Falls subsequent to the shipment, and was with the son a part of the time and had partial charge of the nursery stock for a while, and made at least one sale for the son during the time. Subsequent to the making of the sale of the trees to the respondent, they were examined by the state horticultural inspector and found to be diseased and infested with pests, and were thereupon destroyed by the inspector as required by law.

Some time in May, 1909, Walter Hea assigned his contract for the lots, which he had received from respondent for the trees, to his father, John Hea. No cash was paid or consideration passed at the time, but the consideration for the assignment from the son to the father consisted in a cancellation of the pre-existing debt from the son to the father for the money loaned or advanced to purchase the trees and ship them from Iowa to Idaho. Thereafter John Hea presented the contract to the vendor, one Jones, and it was found that there was a balance due on the purchase price under the contract of about the sum of $138.50. He thereupon paid that sum and procured a deed. The respondent thereafter commenced this action against appellants to have the contract of assignment canceled and the deed of conveyance from Jones to John Hea surrendered and canceled, on the ground that no consideration passed and that the sale of the fruit trees by ap-

pellant, Walter Hea, to the respondent was a misdemeanor under the provisions of sec. 1320, and that the contract was therefore void. She tendered and paid in to the clerk of the court for the use of defendant, John Hea, the amount of money, together with interest thereon, which he had paid in cash to Jones as the balance of the purchase price. John Hea, the assignee of the contract, defended on the ground that the contract was not absolutely void in the first place, but merely voidable, and that he was an innocent purchaser without notice of the failure of consideration in the first place.

Sec. 1318 of the Rev. Codes provides that no person shall engage in the business of importing and selling fruit trees or nursery stock in this state without first making application to the State Board of Horticultural Inspection and giving bond and procuring a certificate authorizing him to do so. Sec. 1320 makes it a misdemeanor for any person to import trees, vines, plants, etc., or any nursery stock into the state with intent to sell or dispose of the same, without first making application to the State Board of Horticultural Inspection and procuring a certificate as provided by sec. 1318, and without also notifying the inspector or deputy inspector of any shipment. It is admitted that no application was made to the State Board of Horticultural Inspection and that no certificate was procured, and that there was no compliance with the statute in that respect. It is likewise admitted that the trees were diseased and infested with pests.

As a general rule, sales and contracts made under such circumstances are held void, where a statute makes it a crime for the party engaged in the business to do the particular thing. (See 9 Cyc. 478, and cases there cited.) It is not necessary to dwell upon this phase of the question, however, for the reason that the appellant, John Hea, cannot successfully defend in this case as an innocent purchaser for value. It is admitted that the only sum of money paid out by him on account of this transaction was $138.50. The respondent paid that sum of money into court, together with interest thereon, and the judgment and decree in this case directs the clerk to deliver that sum to him. The cancellation of the

pre-existing indebtedness from the appellant, Walter Hea, to his father, John Hea, did not serve to constitute him an innocent purchaser for value. That indebtedness will still exist as between the Heas. No security was surrendered, and John Hea is in no worse position than he was before the assignment. John Hea had already made a loan of $2,104.50 to his son long before this fruit tree deal was made. He had made the loan for the purpose of enabling his son to make the shipment of the trees and conduct the business, and entirely independent of the land contract. He did not, therefore, part with the money or consideration for the assignment of this land contract. It was a mere cancellation of a pre-existing indebtedness. There is also very strong indication in the record that the appellant, John Hea, had notice of the condition of the trees, and while we could not, perhaps, infer or presume from the record that he did know that the son had failed to procure the certificate required by law, the record does show that he worked about the trees, that he was partially in charge of them, and that he sold some of them, and he may therefore be presumed to have had knowledge of their diseased condition.

It is admitted that the respondent has in fact never received any consideration whatever for her assignment of the contract for these two lots of land. She received nothing but the trees, and the trees were diseased and infested with pests, and were destroyed by authority of law. The sale of the trees was made in violation of law.

We think the trial court was entirely correct in entering judgment in favor of the respondent. The judgment is affirmed. The costs of this appeal will be taxed against the appellant, Walter Hea.

Stewart, C. J.; and Sullivan, J., concur.