CHARLES J. FERRY, Respondent, *v.* SOUTH SHORE GROWERS AND SHIPPERS ASSOCIATION, Appellant.

Fourth Department, December 3, 1919.

Sales — passing of title — property to be put into deliverable shape — notice of readiness for delivery — rules 1 and 2 of section 100 of Personal Property Law applied — duty of vendor after title has passed to sell property where vendee refuses to receive same.

On the sale of potatoes to be prepared by the vendor for delivery at his residence, title passes to the vendee as soon as the potatoes are ready for delivery, and the vendee is notified thereof, and the transaction falls within rule 2 of section 100 of the Personal Property Law.

The vendor of personal property, where the title has passed to the vendee, is not bound to sell the property on the refusal of the vendee to receive it, and to sue for the difference between the price so realized and the contract price, but he may, under section 144, subdivision 1, of the Personal Property Law maintain an action for the purchase price of the property.

APPEAL by the defendant, South Shore Growers and Shippers Association, from a judgment of the County Court of Chautauqua county in favor of the plaintiff, entered in the office of the clerk of said county upon the decision of the court after a trial before the court without a jury.

*Warner & Woodin* [*Glenn W. Woodin* of counsel], for the appellant.

*Walter Record,* for the respondent.

FOOTE, J.:

Plaintiff has recovered $150 as the purchase price of fifty bushels of potatoes sold by plaintiff to defendant. The potatoes were to be delivered at plaintiff's residence. Twenty-nine bushels were accepted by defendant and by it sold and delivered to other parties, but these have not been paid for. The remaining twenty-one bushels were prepared and set apart by plaintiff ready for delivery and defendant notified, but defendant neglected to call for them and they rotted and became of no value.

The trial court has found these facts. It has also found in effect that the agreed price of $3 per bushel, or $150, is due and owing from defendant to plaintiff, and also that plaintiff has suffered damage for the same amount by reason of the failure of defendant to fulfill its contract.

Defendant contended at the trial that it did not agree to purchase the potatoes, but did agree to act as plaintiff's agent for their sale. The trial court has found against this contention and in favor of plaintiff's claim that there was an actual sale. This finding has sufficient support in the evidence.

But defendant contends that plaintiff should not have been permitted to recover the purchase price of the twenty-one bushels not actually delivered to and received by defendant; this on the theory that title to the twenty-one bushels had not passed to defendant; that there was no completed sale but only a contract of sale.

We are of opinion that the title did pass. The finding of the court is that " plaintiff prepared the balance of said 50 bushels of potatoes for delivery to defendant, notified said defendant that such balance was ready for delivery, and offered same to defendant, at the place where same were to be delivered, and the defendant promised and agreed to take same but neglected to do so and did continue to neglect to take said balance of said potatoes, so as aforesaid purchased by defendant from plaintiff with the result that same rotted." It is true that there is no express finding that the title passed, but we think the finding quoted shows that it did. While the question is one of intention, we think the presumption is that the title passed within rules 1 and 2 of section 100 of the Personal Property Law (as added by Laws of 1911, chap.

571), which are as follows: "Rule 1. Where there is an unconditional contract to sell specific goods, in a deliverable state, the property in the goods passes to the buyer when the contract is made and it is immaterial whether the time of payment, or the time of delivery, or both, be postponed.

"Rule 2. Where there is a contract to sell specific goods and the seller is bound to do something to the goods, for the purpose of putting them into a deliverable state, the property does not pass until such thing be done."

The case seems to fall within this latter rule, and the finding is that plaintiff did put the remaining twenty-one bushels into a deliverable state and did notify defendant that they were in such state ready for delivery.

If the title passed, then plaintiff had a right of action to recover the price by the 1st subdivision of section 144 of the Personal Property Law (as added by Laws of 1911, chap. 571), as follows:

"1. Where, under a contract to sell or a sale, the property in the goods has passed to the buyer, and the buyer wrongfully neglects or refuses to pay for the goods according to the terms of the contract or the sale, the seller may maintain an action against him for the price of the goods."

Defendant's counsel relies upon the 3d subdivision of this section as requiring plaintiff to sell the potatoes since there was a market for them, and to sue for the difference between the price so realized and the contract price, but subdivision 3 applies only to a case where the property in the goods has not passed, which is not this case.

The judgment must be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.