ROBERT K. HIER and THOMAS J. SCULLY, Respondents, v. EDGAR M. WIGHTMAN and W. EARLE PENOYER, Appellants.

Fourth Department, May 4, 1921.

Sales — title to goods in deliverable state passes when contract made — conduct of owner estopping him from denying authority of one in possession of goods to make sale — replevin — trial — erroneous charge — question of fact for jury as to passing title.

Under section 100, rule 1, of the Personal Property Law, the title to personal property may pass to the buyer when the contract is made, where there is an unconditional contract to sell specific goods in a deliverable state.

But where a person having sold goods continues in possession of them, the delivery or transfer by that person or other disposition to any one receiving and paying value for the same in good faith, and without notice of the previous sale, may have the same effect as if the person making such delivery or transfer were expressly authorized by the owner of the goods to make the same.

In an action to recover the possession of an automobile it appeared that one member of the plaintiff copartnership was the owner of the automobile in question, that he made an assignment of it to a lumber company in whose employ he was at the time, but was permitted to retain possession thereof and use it as his own and in connection with his work, that thereafter he traded said automobile to the defendants in part payment for a new car, but the said lumber company sold the automobile to the plaintiff copartnership in settlement of a debt before it was delivered to the defendants. *Held*, that it was error for the court to charge that if the automobile was not delivered to the defendants until after it had been sold to the plaintiffs the defendants could not succeed, and that if the delivery to the plaintiffs was first then the defendants had no title.

The evidence was sufficient to carry the case to the jury on the question whether the sale to the lumber company was actually made when the assignment was dated, and if such sale was made before the sale to the defendants, whether the lumber company by its conduct was precluded from denying the authority of its employee, one of the plaintiffs, to make the sale to the defendants.

APPEAL by the defendants, Edgar M. Wightman and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Oswego on the 14th day of October, 1920, upon the verdict of a jury, and also from an order entered in said clerk's office on the 7th day of October, 1920, denying defendants' motion for a new trial made upon the minutes.

*Charles J. Yorkey,* for the appellants.

*Don Carlos Buell,* for the respondents.

KRUSE, P. J.:

The controversy is over the ownership of a Ford touring automobile. The action is in replevin. The plaintiffs had the verdict and the defendants appeal. The plaintiff Scully was the manager and in charge of the lumbering operations of the Constantia Lumber Corporation at Constantia, near Syracuse. The lumber company furnished him a Ford runabout plainly marked with the name of the company.

Without the consent or knowledge of the lumber company he traded it in for the Ford touring car in question. The trade was made with the Wightman-Penoyer Company, a corporation dealing in Ford automobiles. The defendants are the officers and own all of the stock of the automobile corporation. Afterwards, as appears by the written assignment dated March 20, 1920, Scully transferred all of his right in the touring car to the lumber company, but he seems to have retained the actual possession of the touring car after the date of the written assignment, using it as he had done theretofore, until, as plaintiff claims, it was taken away from Scully by the president of the lumber company and taken to New York.

On or about June 15, 1920, he made another trade with the automobile corporation, by which he agreed to turn in the Ford touring car in part payment of a sedan. Scully did not have the touring car with him at the time, but stated he would deliver it the next morning. He did not keep his promise, but several days afterward, the exact time is in dispute, the touring car was delivered to the automobile corporation.

Scully was also interested in the lumber business as a partner with Hier, his coplaintiff. The Constantia Lumber Corporation was owing Hier and Scully for a car of lumber, and on or about the twenty-fifth of June the Constantia Lumber Corporation sold the touring car to Hier and Scully in part payment therefor. What has become of Scully and the sedan automobile does not appear. While the automobile corporation retained title to the sedan until paid for, it does not seem to have retaken the same into its possession.

The question submitted to the jury was whether the lumber company had clothed Scully with apparent authority to deal with the car as his own, by leaving it in his possession after making the written assignment in March. But in that connection the jury was further instructed that if the touring car was not delivered to the defendants until after it had been sold to Hier and Scully, the defendants could not succeed; that if the delivery to Hier and Scully was first, then the defendants had no title, to which the defendants excepted. I think the learned judge fell into error in so charging.

Under the rules of the Sales of Goods Act, title may pass to the buyer when the contract is made, where there is an unconditional contract to sell specific goods in a deliverable state. (Pers. Prop. Law, § 100, rule 1, as added by Laws of 1911, chap. 571; *Ferry* v. *South Shore Growers & Shippers Assn.*, 189 App. Div. 542; *Turner-Looker Co.* v. *Aprile*, 195 id. 706.)

The plaintiffs claim that there was an actual contract of sale of the touring car of Scully's interest therein to the lumber company on the 20th of March, 1920. If that is so it was concededly prior to the sale made by Scully to the automobile dealers, and if the rule to which I have adverted governs here absolutely, the lumber company has a better title to the automobile than has the defendants' corporation, and the plaintiffs having succeeded to the title of the lumber company, have a right to the touring car superior to that of the defendants' corporation. But there are other provisions of the Sales of Goods Act which may qualify this right.

The buyer ordinarily does not acquire any better title to the goods than the seller had, yet where goods are sold by a person not the owner, though without the actual authority and consent of the owner, the owner may, by his conduct, be precluded from denying authority of the seller. And where a person having sold goods continues in possession of them, the delivery or transfer by that person or other disposition thereof to any one receiving and paying value for the same in good faith, and without notice of previous sale, may have the same effect as if the person making such delivery or transfer were expressly authorized by the owner of the goods to make the same. (Pers. Prop. Law, §§ 104, 106, as added by Laws of 1911, chap. 571; *Barnard* v. *Campbell*, 55 N. Y. 456, 463.)

The only evidence of the sale of the touring car to the lumber company is the written assignment itself bearing date March 20, 1920, and the genuineness of Scully's signature thereto. While the paper was produced upon the trial, no one testified to the time of its receipt by the lumber company, or the circumstances under which it was delivered to the lumber company, or to any one on its behalf. Upon its face it purports to transfer Scully's interest in the touring car to the lumber company for the sum of one dollar. Mr. Kelly, the president of the company, frankly admits that he does not know how his corporation acquired title to it and no one else has testified to the circumstances under which it was acquired.

The evidence tends to show that Scully remained in the actual possession of the touring car up to the time it was taken from him by Kelly in June, using it, not only in the business of the company, but outside and for his personal use as well; that the automobile dealers had no notice of the sale or any information sufficient to put them upon inquiry that the car did not belong to Scully; that he stated to them when the trade was made that it was his car, and, as one of the defendants says, he had no reason to think anything different; that they had sold it to him and had seen him driving it all the time.

Without detailing the evidence it is sufficient to say that in my opinion the evidence was sufficient to carry the case to the jury upon the question whether the sale by Scully to the lumber company was actually made when the assignment bears date, and if such sale was made before the sale to the automobile company, whether the lumber company, by its conduct, was precluded from denying the authority of Scully to make the sale to the automobile corporation.

The judgment and order should be reversed and a new trial granted, with costs to the appellants to abide the event.

All concur, DAVIS, J., not sitting.

Judgment and order reversed and new trial granted, with costs to appellants to abide event.