(October 16, 1925.)

THE ANGLO–AMERICAN MILL CO., INC., a Corporation, Respondent, v. THE COMMUNITY MILL COMPANY, a Corporation; P. W. MITCHELL, Defendants, and E. W. PORTER, as Commissioner of Finance of the State of Idaho, Appellant.

[240 Pac. 446.]

SALES—CONDITIONAL SALES—FIXTURES—REMOVAL—RIGHT OF VENDEE OF CHATTELS AGAINST SUBSEQUENT MORTGAGEE OF REALTY — APPEAL AND ERROR—REVIEW—FINDINGS OF FACT—PRINCIPAL AND AGENT — KNOWLEDGE OF AGENT IMPUTED TO PRINCIPAL — MORTGAGES—PRE-EXISTING DEBT AS CONSIDERATION—PRIORITY.

1. The parties to a conditional sale contract may agree that the chattel, though sold for the purpose of being annexed to the realty of the purchaser, will retain the character of personal property after annexation, and the title remain in the vendor until the purchase price is fully paid, provided that by annexation the chattel does not lose its distinctive identity or become an essential part of the structure into which it is incorporated.

41 Idaho—36

2. An agreement providing that a chattel shall retain the character of personal property after annexation to realty binds a subsequent mortgagee of the realty whose mortgage is not taken for a valuable consideration.

3. A finding of fact by the trial court upon conflicting evidence, but based upon evidence sufficient, if uncontradicted, to support it, will not be disturbed upon appeal.

4. Where in a transaction with a bank its cashier is openly acting in the interest of another corporation of which he is an officer, the bank is not chargeable with the cashier's uncommunicated knowledge of facts derogatory to such other corporation's title to the property which is the subject of the transaction.

5. Where it is not shown that knowledge of an agent acquired in a transaction occurring prior to the agency extended to the particular matter of which notice is sought to be imputed to the principal, nor that the transaction generally was present in the mind and memory of the agent while acting for the principal, notice thereof will not be imputed to the principal.

6. A party taking a mortgage upon real estate to secure a pre-existing indebtedness is not entitled to protection against secret titles as an innocent mortgagee for value unless at the time some new or additional consideration passes to the mortgagor for the execution of the mortgage.

APPEAL from the District Court of the Tenth Judicial District, for Lewis County.  Hon. Wallace N. Scales, Judge.

Action to establish priority of conditional sale contract and to enforce provisions thereof.  Judgment for plaintiff. *Affirmed.*

F. S. Randall and John R. Becker, for Appellant.

Personal property which is grouped and connected up, one piece with another, and forming thus grouped and connected a complete flouring-mill, becomes, when the same has been built into a building specially constructed to

Publisher's Note.

2. Agreement that article annexed to land shall not become fixture and that title shall not pass as against subsequent purchaser or mortgagee of land without notice, see note in 4 **Ann. Cas.** 1073. See, also, 11 **R. C. L.** 1064.

4. See  3 **R. C. L.** 477.

5. See 21 **R. C. L.** 842.

receive and house it, a part of the building, and thus part of the real estate. (*Wade v. Donan Brewing Co.*, 10 Wash. 284, 38 Pac. 1009; 26 C. J. 670, note 48; *Roddy v. Brick*, 42 N. J. Eq. 218, 6 Atl. 806; *Fortman v. Goepper*, 14 Ohio St. 558; *Fehr Constr. Co. v. Postl. System*, 288 Ill. 634, 124 N. E. 315; *Oakland Bank v. California Pressed Brick Co.*, 183 Cal. 295, 191 Pac. 524; *King v. Blickfeldt*, 111 Wash. 508, 191 Pac. 748.)

In the absence of notice a subsequent purchaser or mortgagee of land is not bound by an agreement between the owner of the land and one from whom he purchases chattels that such chattels, although annexed to the realty, shall retain their character as personalty and that the title to them shall remain in the seller until they have been fully paid for. (26 C. J. 681, sec. 47, and cases cited; 11 R. C. L. 1064, 1065; *Oakland Bank v. California Pressed Brick Co.*, supra; *King v. Blickfeldt*, supra.)

When an officer of a bank is dealing with it in his individual interest, or in the interest of another corporation of which he is an officer, the bank is not chargeable with his uncommunicated knowledge of facts derogatory to the title of property which is the subject of the transaction. (3 R. C. L. 477–479; editorial notes in 29 L. R. A., N. S., 558; 49 L. R. A., N. S., 764; *Smith v. Wallace Nat. Bank*, 27 Ida. 441, 150 Pac. 21; 7 C. J. 534 et seq.)

The cancelation of a pre-existing indebtedness is a valuable consideration and constitutes a purchaser in good faith, where there was no notice of a prior grant. (*Conneau v. Geis*, 73 Cal. 176, 2 Am. St. 785, 14 Pac. 580; *Foorman v. Wallace*, 75 Cal. 552, 17 Pac. 680; *Riley v. Martinelli*, 97 Cal. 575, 33 Am. St. 209, 32 Pac. 579, 21 L. R. A. 33; *Gilchrist v. Gouch*, 63 Ind. 576, 30 Am. Rep. 250; *Evans v. Pence*, 78 Ind. 439; *Citizens Nat. Bank v. Judy*, 146 Ind. 322, 43 N. E. 259; *Soule, Thomas & Wentworth v. Shotwell & Fitts*, 52 Miss. 236; *State Bank v. Frame*, 112 Mo. 502, 20 S. W. 620; *Brem v. Lockhart*, 93 N. C. 191; *Branch v. Griffin*, 99 N. C. 173, 5 S. E. 393, 398; *Cammack v. Soran*, 30 Gratt. (Va.) 292.)

Cox & Martin, for Respondent.

The title retaining contract is valid, not only between the respondent and the Community Mill Company, but as against the Union State Bank and the appealing defendants. (*Harkness v. Russell & Co.*, 118 U. S. 663, 7 Sup. Ct. 51, 30 L. ed. 285; *Boise-Payette Lumber Co. v. McCornick*, 32 Ida. 462, 186 Pac. 252; *Kester v. Schuldt*, 11 Ida. 663, 85 Pac. 974; *Anderson v. Creamery Package Mfg. Co.*, 8 Ida. 200, 101 Am. St. 188, 67 Pac. 493, 56 L. R. A. 554; *Southern California Hardwood & Mfg. Co. v. Borton*, 46 Cal. App. 524, 189 Pac. 1022; *Murray Co. v. Chickasha Cotton Oil Co.*, 73 Okl. 106, 174 Pac. 1091; *Lynn v. Waldron*, 38 Wash. 82, 80 Pac. 292; *In re Hemmer* (N. Y.), 280 Fed. 414; *Adams Mach. Co. v. Interstate Building & L. Assn.*, 119 Ala. 97, 24 So. 857; *Duntz v. Granger Brewing Co.*, 41 Misc. 177, 83 N. Y. Supp. 957, 96 App. Div. 631, 89 N. Y. Supp. 1103.)

The cashier and managing officer of the Union State Bank had knowledge of respondent's ownership of the property and of the balance due. The bank therefore took the mortgage with notice of respondent's ownership. (2 Pomeroy, Eq. Jur., 4th ed., sec. 672; *Smith v. Wallace, Nat. Bank*, 27 Ida. 441, 150 Pac. 21; *Hitt Fireworks Co. v. Scandinavian Am. Bank*, 114 Wash. 167, 195 Pac. 13, 196 Pac. 629; *Malm v. Griffith*, 109 Wash. 30, 186 Pac. 647; *Otis v. Zeiss*, 175 Cal. 192, 165 Pac. 524, *Hess v. Conway*, 92 Kan. 787, 142 Pac. 253; *Foote v. Utah Commercial & Sav. Bank*, 17 Utah, 283, 54 Pac. 104; *Campbell v. First Nat. Bank of Denver*, 22 Colo. 177, 43 Pac. 1007; *Penoyer v. Willis*, 26 Or. 1, 46 Am. St. 594, 36 Pac. 568; *Simpson v. Central Vermont R. Co.*, 95 Vt. 388, 115 Atl. 299; *Vulcan Detinning Co. v. American Can Co.*, 72 N. J. Eq. 387, 67 Atl. 339; *State Bank of Morton v. Adams*, 142 Minn. 63, 170 N. W. 925; *Metzger v. Southern Bank*, 98 Miss. 108, 54 So. 241; *Lea v. Iron Belt Mercantile Co.*, 147 Ala. 421, 42 So. 415; *Berry v. Rood*, 168 Mo. 316, 67 S. W. 644; *Tagg v. Tennessee Nat. Bank*, 9 Heisk. (Tenn.) 479.)

The bank, having taken the mortgage to secure a past due indebtedness, is not in the position of an innocent purchaser for value. (*Mountain Home Lumber Co. v. Swartwout*, 30 Ida. 559, 166 Pac. 271; *Land v. Hea*, 20 Ida. 250, 118 Pac 506; *King v. Blickfeldt*, 111 Wash. 508, 191 Pac. 748, at p. 750; *Southern California Hardwood & Mfg. Co. v. Borton*, 46 Cal. App. 524, 189 Pac. 1022; *Western Grocer Co. v. Alleman*, 81 Kan. 543, 106 Pac. 460; *Hayden v. Russell*, 119 Me. 38, 109 Atl. 485; *Union Nat. Bank v. Oium*, 3 N. D. 193, 54 N. W. 1034; *Dickerson v. Tillinghast*, 4 Paige (N. Y.), 215, 25 Am. Dec. 528.)

The trial court found that the mill, milling machinery and accessories are so placed in the mill building that they can be removed without injury to the property. Having heard the witnesses and observed them on the stand, and there being ample evidence in support thereof, the findings of the trial court are conclusive on appeal. (C. S., sec. 7170; *Independent Placer Min. Co. v. Knauss*, 32 Ida. 269, 181 Pac. 701; *Hemphill v. Moy*, 31 Ida. 66, 169 Pac. 288; *McKechan v. Vollmer-Clearwater Co.*, 30 Ida. 505, Ann. Cas. 1918E, 1197, 166 Pac. 256; *Holland v. Avondale Irr. Dist.*, 30 Ida. 479, 166 Pac. 259; *Wolf v. Eagleson*, 29 Ida. 177, 157 Pac. 1122; *Young v. Extension Ditch Co.*, 28 Ida. 775, 156 Pac. 917; *Jensen v. Bumgarner*, 28 Ida. 706, 156 Pac. 114.)

BUDGE, J.—On November 5, 1919, the Community Mill Company, hereafter referred to as the mill company, purchased from the respondent the flour-mill, machinery and accessories that are the subject matter of this suit. What is termed a license, title retaining, contract was entered into, by the terms of which it was agreed that the respondent should retain title to the personal property until the same was fully paid for, and also that "no matter in what manner such property shall become attached to real estate, it shall not become a fixture or part of the real estate." Soon thereafter the milling machinery was installed in a mill building erected for the purpose upon lots owned by the mill company. On May 20, 1921,

the mill company, being insolvent, for the purpose of securing the Union State Bank of Nez Perce and possibly other creditors, through its president and secretary executed and delivered to P. W. Mitchell a note for $25,000, together with a mortgage securing the payment of same covering lots owned by it, including the lots upon which the mill building with its machinery was located. Some time after the note and mortgage were executed and delivered Mitchell assigned the same without recourse to the Union State Bank, but the assignment was not placed of record until after the bringing of the present action. Neither the note nor the mortgage were carried on the books of the bank as an asset. The Union State Bank later became insolvent, and was taken over by the commissioner of finance, who was permitted to intervene in the original action, the commissioner's answer being adopted by Mitchell.

The action was instituted to establish the priority of the respondent's conditional sale contract against the Mitchell mortgage and other claims, to ascertain the amount due upon the contract, for possession of the milling machinery for purposes of sale to satisfy the amount due, and for judgment for any deficiency. The action was tried to the court without a jury, and resulted in a judgment in favor of the respondent, from which judgment E. W. Porter as Commissioner of Finance appeals.

The character of the contract between respondent and the mill company is not disputed, nor the validity of its execution, nor its binding effect as between the vendor and the vendee.

Appellant contends that the milling machinery was so installed in a building constructed specially to accommodate it that it could not be removed without materially damaging the building; therefore it became part of the realty. Appellant further asserts that even if it be conceded that the milling machinery, though so affixed to the realty as to become a fixture under other circumstances, would still retain the character of personal property as

between the mill company and the respondent by virtue of the contract between those parties, nevertheless appellant's predecessor took its mortgage upon the real estate without notice of any title to the machinery retained in the respondent, and therefore appellant has a prior lien upon both the building and machinery.

Respondent claims that the milling machinery was not so affixed to or placed in the building as to become an irremovable fixture, but remained personal property, the title to which was in the respondent by the terms of the contract, and that this contract is valid and enforceable not only as between respondent and the mill company but also as to third persons, and particularly as to Mitchell and his successors in interest, so that no mortgage given by the mill company could affect respondent's contract rights.

When a chattel belonging to one person is annexed to the freehold of another, the question of whether or not it shall be regarded as part of the realty may, as between the parties, be controlled by agreement. It will still retain the character of personal property in those cases, among others, where the purchaser agrees with the vendor that the chattel, though sold for the purpose of being annexed to the realty of the purchaser, shall not by such annexation become a fixture or part of the realty, or the title to the chattel pass to the purchaser until the purchase price is fully paid. This rule is usually stated subject to the limitation that the chattels must be of such a nature that they do not lose their distinctive identity by annexation, or become so essentially a part of the structure that their removal will materially injure or destroy the structure, or destroy or unnecessarily impair the value of the chattels. (26 C. J. 681; 11 R. C. L. 1064.) But, following the equity rule of *bona fide* purchaser, such an agreement will not prevail as against a subsequent purchaser or mortgagee of the realty without notice and for a valuable consideration. (26 C. J. 681–687. See, also, 11 R. C. L. 1065.)

The trial court found as a fact, among other findings, that it was provided in the conditional sale contract that the machinery and accessories should be installed in the building upon the lots owned by the mill company, but their instalation should not make them fixtures or a part of the real property, and that the title to such machinery and accessories should remain in the respondent until the purchase price was fully paid. The court further found that the mill machinery and accessories were so placed in the building that they could be removed without substantial injury to the building. It is true that there is a conflict in the evidence upon the latter point, but our examination of the record convinces us that there is evidence sufficient, if uncontradicted, to support the finding of the court that the machinery and accessories could be removed without substantial injury to the building, and that, in accordance with our oft-repeated rule, such finding should not be disturbed.

The court further found that the Union State Bank had notice of the contract between the respondent and the mill company, and of the provisions thereof, and was charged with knowledge that the title and ownership of the milling machinery and accessories remained in the respondent. Appellant contends that there is no evidence to support this finding other than the fact that Wienss, the president of the mill company and the owner of practically all its capital stock, was at the same time the cashier and a director of the Union State Bank, and that, while it is true that Wienss had such knowledge, he had such a personal interest to serve in the transactions handled by him for the mill company as its president, with the bank through himself as cashier and the sole officer acting for the bank, that his knowledge of the contract between respondent and the mill company, not communicated to other bank officers, will not be imputed to the bank. The rule would seem to be that when an officer of a bank is dealing with it in his individual interest, the bank is not chargeable with his uncommunicated knowledge of facts derogatory to his title to the property which is the subject of the transaction. (3 R. C. L. 478.) While ordinarily a bank is bound to

take notice of facts pertaining to its business within the knowledge of its cashier, there are exceptions to that rule, and it is not bound by the knowledge of its cashier when he is openly acting on his own behalf, or on behalf of another in a transaction with the bank. (*Smith v. Wallace Nat. Bank*, 27 Ida. 441, 150 Pac. 25.) The facts bring the instant case within the exception to the general rule; therefore the knowledge of Wienss concerning the contract between respondent and the mill company is not imputable to the bank. Nor are we of the opinion that notice should be imputed to the bank by reason of any knowledge of such contract acquired by Mitchell as attorney for the mill company prior to the time the note and mortgage were executed and delivered to him as trustee for the bank, first, because there is no proof that such knowledge extended to the provision by which the title was retained by respondent, and secondly, because such knowledge, even if it were sufficiently definite, is not shown to have been present in Mitchell's mind and memory at the time of execution of the mortgage to himself for the bank.

The bank having taken its mortgage to secure a pre-existing indebtedness is not in the position of an innocent mortgagee for a valuable consideration. (*Land v. Hea*, 20 Ida. 250, 118 Pac. 506; *Malm v. Griffith*, 109 Wash. 30, 186 Pac. 647; *Connecticut Investment Co. v. Demick*, 105 Wash. 265, 177 Pac. 676.) For a contrary holding see *Smitton v. McCullough*, 182 Cal. 530, 189 Pac. 686, and *Frey v. Clifford*, 44 Cal. 335–342. In our view the evidence does not justify a holding that the note and mortgage were given in consideration of an extension of time for the payment of the debt, and accordingly there was not such a new and additional consideration passing to the mill company as would place the bank in the position of a mortgagee for value.

From what has been said it follows that the judgment of the court below must be affirmed, and it is so ordered. Costs are awarded to the respondent.

William A. Lee, C. J., and Wm. E. Lee, Givens and Taylor, JJ., concur.