(No. 4656.   May 27, 1927.)

JOHN C. MILLICK, Respondent, v. A. B. STEVENS, Sheriff of Bingham County, Idaho, Appellant.

[257 Pac. 30.]

CHATTEL MORTGAGES — ENCUMBRANCER IN GOOD FAITH — BONA FIDE PURCHASER—SUPERIOR LIEN OF MORTGAGEE.

1. Generally the term "encumbrancer in good faith" means *bona fide* purchaser for value, and does not include one who has taken security for pre-existing debt.

2. Under C. S., sec. 5434, mortgagee of personal property under mortgage given to secure antecedent debt had lien superior to purchaser of such property, who had failed to remove

it from owner's premises, since mortgagee, in view of secs. 5697, 5698, 5748, was encumbrancer both in good faith and for value, in accordance with distinction drawn by secs. 5424, 6375.

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. Ralph W. Adair, Judge.

Action in replevin. Judgment for plaintiff. *Reversed, with instruction to enter judgment for defendant.*

Whitcomb & Cowen, for Appellant.

"The sole inquiry in this case, is whether there has been an immediate delivery followed by actual and continued change of possession. No question of intent, *bona fide* or notice is relevant." (*Harkness v. Smith,* 3 Ida. 221, 28 Pac. 423.)

"Where the assignor retains the property under the same control and management, the assignment is void as against creditors." (*Johnson v. Sage,* 4 Ida. 758, 44 Pac. 641.)

"An alleged sale is conclusively presumed to be fraudulent and void as against creditors of and purchasers from the vendor." (*Ahlstrom v. Tage,* 31 Ida. 459, 174 Pac. 605.)

"A transfer without immediate delivery of possession is void not merely as to those who are creditors at the time of the attempted sale, but also as to the one who becomes a creditor during the time the property remains in the possession of the seller." (*Rohrbough v. Johnson,* 107 Cal. 144, 40 Pac. 37; *Brown v. O'Neal,* 95 Cal. 262, 29 Am. St. 111, 30 Pac. 538; *Guthrie v. Carney,* 19 Cal. App. 144, 124 Pac. 1045.)

Publisher's Note.

1. See 5 R. C. L. 449.

See Chattel Mortgages, 11 C. J., sec. 411, p. 661, n. 7, 12 New. Good Faith, 28 C. J., sec. 9, p. 715, n. 6, p. 716, n. 26. Mortgages, 41 C. J., sec. 488, p. 545, n. 75. Value, 38 Cyc., p. 1118, n. 23.

John W. Jones and Guy Stevens, for Respondent.

A general creditor of the vendor could not attack a transfer under this statute, and likewise, in the analogous case of failure to record a chattel mortgage, the recordation of the instrument being the equivalent of immediate delivery, a general creditor of the mortgagor could not attack the mortgage for want of record. (*Williams v. Borgwardt,* 119 Cal. 80, 51 Pac. 15; *Garn v. Thorwaldson,* 40 Cal. App. 62, 180 Pac. 9.)  Such a transaction is good as against a general creditor. (*Neustadter Bros. v. Doust,* 13 Ida. 617, 92 Pac. 978.)

The great weight of authority is to the effect that a chattel mortgage given merely to secure a pre-existing debt does not constitute the mortgagee one in good faith under the statute. (*People's Sav. Bank v. Bates,* 120 U. S. 556, 7 Sup. Ct. 679, 30 L. ed. 754; *Hicks v. National Surety Co.,* 50 Wash. 16, 126 Am. St. 883, and cases cited, 96 Pac. 515; *Union National Bank v. Oium,* 3 N. D. 193, 44 Am. St. 533, 54 N. W. 1034; *Belleville Pump & S. Works v. Samuelson,* 16 Utah, 234, 52 Pac. 282; *Wails v. Farrington,* 27 Okl. 754, 116 Pac. 428, 35 L. R. A., N. S., 1174; *First Nat. Bank of Navasota v. Todd* (Tex.), 231 S. W. 322; 11 C. J. 660, sec. 411; 41 C. J. 545, sec. 488.)

This court held in the recent case of the *Anglo-American Mill Co. v. Community Mill Co.,* 41 Ida. 561, 240 Pac. 446, that the bank, having taken the mortgage to secure a past due indebtedness, is not in position of an innocent purchaser for value, "and is not entitled to protection against secret titles as an innocent mortgagee for value unless at the time some new or additional consideration passes to the mortgagor for the execution of the mortgage." (4 Words & Phrases, 3117, and cases cited.)

T. BAILEY LEE, J.—One Eugene C. Hale, being upon April 2, 1923, the owner of certain brick and tile piled on his premises, sold the same to plaintiff who removed a portion thereof.  At the time of the sale, Hale was justly indebted to the Boise-Payette Lumber Company in the sum

of $341.85, and on June 12, 1924, to secure his indebtedness, he mortgaged the company that portion of the brick and tile still remaining on his premises. Neither the company nor any of its officers had any notice or knowledge that the plaintiff claimed any interest in the property so mortgaged. Thereafter, the defendant sheriff took possession of the mortgaged property under foreclosure proceedings by affidavit and notice; and plaintiff brought, against him, an action in replevin in the probate court. From a judgment in plaintiff's favor, defendant appealed to the district court where plaintiff again prevailed; and defendant appealed to this court.

The only point in this case is the right of the lumber company to assert its mortgage lien against plaintiff. Under C. S., sec. 5434, such a transfer of personal property is conclusively presumed to be fraudulent and void against certain classes of persons, including the seller's creditors while he remains in possession, and encumbrancers in good faith subsequent to the transfer. To proceed as a general creditor, the company must have secured an interest in the property hostile to the plaintiff, as by attachment or execution. (*Neustadter Bros. v. Doust*, 13 Ida. 617, 92 Pac. 978.) This, it has not done; and whatever interest it has secured as against plaintiff must derive entirely from its chattel mortgage. It must prevail as an encumbrancer in good faith or not at all. That the mortgage was given to secure an antecedent debt is admitted.

[1] It is urged by respondent that, since the lumber company's mortgage was taken to secure an antecedent debt, the company is not an encumbrancer in good faith, and cannot avail itself of the protection of the statute. The general rule sustained by the weight of authority is that the term, "encumbrancer in good faith," means a *bona fide* encumbrancer for value, and does not include one who has taken security for a pre-existing debt. But, it would seem that our legislature has intentionally drawn a distinction between encumbrancers and purchasers in good faith, and encumbrancers and purchasers for value. (C. S., secs. 6375 and 5424.)

And from the facts disclosed in *Land v. Hea,* 20 Ida. 250, 118 Pac. 506, and *Anglo-American Co. v. Community Mill Co.,* 41 Ida. 561, 569, 240 Pac. 446, it would also seem that this court has recognized a like distinction. In each of those cases, the good faith of the purchaser and mortgagee was not questioned, but, the consideration being that of an antecedent debt, the court held that the parties seeking enforcement were not innocent purchasers or mortgagees for value. The court did not say they were not innocent. Between the rendition of the decisions mentioned, the definitions of "value" and "good faith," as applied to dispositions of property by one retaining such property after he had already sold it to another, have been modified by our Uniform Sales Act. That act provides that:

" 'Value' is any consideration sufficient to support a simple contract. An antecedent or pre-existing claim, whether for money or not, constitutes value where goods or documents of titles are taken either in satisfaction or as security therefor.

"2. A thing is done 'in good faith' within the meaning of this law when it is in fact done honestly, whether it be done negligently or not." (C. S., sec. 5748.)

With these definitions adopted, the law proceeds substantially to re-enact and strengthen our fraud statute, C. S., sec. 5434, by declaring as follows:

"Where a person having sold goods continues in possession of the goods . . . . the delivery or transfer by that person or by an agent acting for him, of the goods or documents of title under any sale, pledge, or other disposition thereof, to any person receiving and paying value for the same in good faith and without notice of the previous sale, shall have the same effect as if the person making the delivery or transfer were expressly authorized by the owner of the goods to make the same." (C. S., sec. 5697.)

The term "owner," of course, means the party to whom the goods were originally sold. (*Hier v. Wightman,* 197 App. Div. 214, 188 N. Y. Supp. 274.) It is further provided:

"Where a person having sold goods continues in possession of the goods, or of negotiable documents of title to the goods and such retention of possession is fraudulent in fact or is deemed fraudulent under any rule of law, a creditor or creditors of the seller may treat the sale as void." (C. S., sec. 5698.)

And under this law the term "purchaser" is declared to include mortgagee and pledgee. The provisions of this uniform law apparently extend to any property retained by a seller, and thereafter disposed of by him; and the common-law definitions of good faith and value have been superseded by its direct terms. I do not see any conflict between this position and the opinion announced in *Anglo-American Co. v. Community M. Co., supra.* There had been an actual delivery and change of possession in that case; and the case involved no such situation as is contemplated by C. S., sec. 5697.

[2] Under the state law as it now stands, we must hold that the company was an encumbrancer both in good faith and for value holding a lien superior to any claim of respondent. The regularity of the foreclosure proceedings is not attacked, and the possession of the sheriff must be upheld.

Judgment reversed, with instruction to the trial court to enter judgment in defendant's favor. Costs to appellant.

Wm. E. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.

Petition for rehearing denied.