(September 27, 1913.)

MARY A. BURROW, as Administratrix of the Estate of WILLIAM J. BURROW, Appellant, v. IDAHO & WASHINGTON NORTHERN RAILROAD, a Corporation, Respondent.

[135 Pac. 838.]

RAILROAD—NEGLIGENCE — CONTRIBUTORY — SUFFICIENCY OF EVIDENCE—
    EXAMINATION OF ADVERSE PARTY AS IF UNDER CROSS-EXAMINATION.

    1. Sess. Laws 1909, p. 334, sec. 1, provides three classes which may be examined by adverse party as if under cross-examination: 1st. A party to the record of any civil action or proceedings; 2d. The person for whose immediate benefit such action or proceedings is prosecuted or defended; 3d. The directors, officers, superintendent or managing agents of any corporation which is a party to such record.

    2. Sec. 2821, Rev. Codes, provides that a bell of at least twenty pounds' weight must be placed on each locomotive engine and be rung at a distance of at least eighty rods from the place where the

railroad crosses any street, road or highway, and be kept ringing until it has crossed such street, road or highway; or a steam whistle must be attached, and be sounded, except in cities, at the like distance, and be kept sounding at intervals until it has crossed the same, under a penalty of one hundred dollars for every neglect, to be paid by the corporation operating the railroad, which may be recovered in an action prosecuted by the prosecuting attorney of the proper county, for the use of the state. The corporation is also liable for all damages sustained by any person, and caused by its locomotives, trains, or cars, when the provisions of this section are not complied with.

3. The law governing a person approaching a railroad crossing, as announced by this court in a number of cases, is, that a person approaching the railroad crossing, whether a street crossing in a city or a crossing over a public highway in a country district, is required to stop, look and listen for an approaching train, and that the failure to do so is negligence *per se.*

4. A railroad company has the right to assume that the traveling public will look and listen for a passing train, and that having looked and listened, they will discover the on-coming train and clear the track. The traveler has an equal and like right to assume that the railroad company will give the required signals of the train's approach and that it will be running and operating its trains at such places at the usual and ordinary rates of speed.

5. *Held,* in this case, 1st, that the respondent was not guilty of negligence; 2d, that the deceased was guilty of contributory negligence, and that the trial court did not err in instructing the jury to find a verdict for the respondent.

APPEAL from the District Court of the Eighth Judicial District for Kootenai County. Hon. J. M. Flynn, Judge.

An action to recover for personal damages. *Affirmed.*

McFarland & McFarland, for Appellant.

A motion for a nonsuit should be granted only when the evidence wholly fails to support the demand of the plaintiff. (*Adams v. Bunker Hill Min. Co.,* 12 Ida. 637, 89 Pac. 624, 11 L. R. A., N. S., 844; *Idaho Comstock etc. Co. v. Lundstrum,* 9 Ida. 257, 74 Pac. 975; *York v. Pac. & No. Ry. Co.,* 8 Ida. 574, 69 Pac. 1042; *Wheeler v. Oregon etc. Nav. Co.,* 16 Ida. 375, 102 Pac. 347.)

The question as to whether or not the plaintiff was guilty of contributory negligence is for the jury to decide. It is their province to decide the fact of contributory negligence, even though the testimony of the defendant tends to establish that fact, if from the physical facts surrounding the accident a different conclusion might be reached. (*Chesapeqke & Ohio R. Co. v. Young's Admr.*, 146 Ky. 317, 142 S. W. 709; *Dutcher v. Wabash R. R. Co.*, 241 Mo. 137, 145 S. W. 63; *Dennis v. New Orleans R. Co.* (Miss.), 32 So. 914.)

"Where equally reasonable persons might conscientiously differ on the subject of contributory negligence, then the question is for the jury to decide." (*Greenawaldt v. Lakeshore R.*, 165 Ind. 219, 73 N. E. 910; *Stoy v. Louisville R. R. Co.*, 160 Ind. 144, 66 N. E. 615; *Malott v. Hawkins*, 159 Ind. 127, 63 N. E. 308; *Chicago B. & M. R. v. Harley*, 74 Neb. 462, 104 N. W. 862; *Christianson v. Oregon Short Line*, 29 Utah, 192, 80 Pac. 746; *Defrieze v. Illinois Central R.* (Iowa), 94 N. W. 505; *St. Louis & S. F. R. Co. v. Knowles*, 6 Kan. App. 790, 51 Pac. 230.)

"It is not sufficient that evidence on behalf of defendant tended to show that deceased was guilty of contributory negligence, but before the court can declare this as a matter of law, the evidence must be substantially all one way and not such as reasonable men might differ with respect thereto." (*Weller v. C. M. & St. P. R. Co.*, 164 Mo. 180, 86 Am. St. 592, 64 S. W. 141; *Hornstein v. United R. R. Co.*, 97 Mo. App. 271, 70 S. W. 1105; *Riska v. Union Depot*, 180 Mo. 168, 79 S. W. 445.)

"Failure of one approaching a railroad crossing to look and listen is not negligence *per se*, but it is for the jury to determine from all the attending circumstances whether ordinary and due care was used." (*Galveston H. & S. A. R. Co. v. Harris*, 22 Tex. Civ. App. 16, 53 S. W. 599; *Schroeder v. Wisconsin Central R. Co.*, 117 Wis. 33, 93 N. W. 837; *Staab v. Rocky Mt. Bell Tel. Co.*, 23 Ida. 314, 129 Pac. 1078; *Denbeigh v. Oregon-Washington R. & N. Co.*, 23 Ida. 663, 132 Pac. 112; Tiffany, Death by Wrongful Act, sec. 189.)

Negative evidence from a person in position to hear a train whistle, but who testified that he did not hear it, constitutes some proof that there was no whistle. (*Stotler v. Chicago R. Co.*, 200 Mo. 107, 98 S. W. 509; *King v. St. Louis & S. F. R. Co.* (Mo.), 127 S. W. 400.)

"Where one party offers testimony to sustain his burden of proof, the other party, although offering nothing to contradict it, is entitled to have the jury pass upon the whole case, a direction of a verdict against him being improper." (*Gannon v. La Clede Gas Light Co.*, 145 Mo. 502, 68 Am. St. 575, 46 S. W. 968, 47 S. W. 907, 43 L. R. A. 505.)

C. L. Heitman, for Respondent.

There is absolutely no evidence tending to prove negligence on the part of respondent. The negligence of respondent not being shown by any evidence, much less by a preponderance of the evidence, it follows that appellant cannot recover. (*Chicago, B. & Q. R. Co. v. Church*, 49· Colo. 582, 114 Pac. 299; Cent. Dig., "Negligence," secs. 217–220; Dec. Dig., "Negligence," sec. 121.)

Even had respondent failed to comply with the provisions of sec. 2821, Rev. Codes, this statute does not abrogate the doctrine of contributory negligence, or operate to give a right of action where the negligence of the plaintiff contributed to and was the proximate cause of the injury. (*Wheeler ·v. Oregon R. R.*, 16 Ida. 375, 102 Pac. 347, citing *Rumpel v. Oregon etc. Ry. Co.*, 4 Ida. 13, 35 Pac. 700, 22 L. R. A. 725, and cases cited.)

This rule recognizes the right of a defendant charged with negligence to defend upon the ground of nonliability, by reason of contributory negligence on the part of the plaintiff. (*Hopkins v. Utah etc. Ry. Co.*, 2 Ida. 300, 13 Pac. 343; *Adams v. Mining Co.*, 12 Ida. 637, 89 Pac. 624, 11 L. R. A., N. S., 844; *Crawford v. Lumber Co.*, 12 Ida. 678, 87 Pac. 998, 10 Ann. Cas. 1.)

Had plaintiff looked or listened, he could both have seen and heard the train before he drove upon the crossing. (*Fleenor v. Oregon etc. R. Co.*, 16 Ida. 781, 102 Pac. 897;

*Colo. Ry. Co. v. Lauter*, 21 Colo. App. 101, 121 Pac. 137; 41 Cent. Dig., "Railroads," secs. 1117–1123; Dec. Dig., "Railroads," sec. 346.)

A traveler on a public highway which crosses the railroad track upon approaching such crossing is bound to exercise care and caution by looking and listening for approaching trains, so as to avoid the danger of a collision. (*Wabash etc. Ry. Co. v. Neikirk*, 15 Ill. App. 172; *Lake Shore etc. Ry. Co., v. Boyts* (Ind. App.), 43 N. E. 667; *Wichita etc. Ry. Co. v. Davis*, 37 Kan. 743, 1 Am. St. 275, 16 Pac. 78; *Lesan v. Maine Cent. Ry.*, 77 Me. 85; *Maryland Cent. Ry. v. Neubeur*, 62 Md. 391; *Judson v. Railroad*, 63 Minn. 248, 65 N. W. 447; *New Orleans etc. Ry. Co. v. Mitchell*, 52 Miss. 808; *Kimes v. St. Louis etc. Ry. Co.*, 85 Mo. 611; *Pennsylvania Co. v. Ratgeb*, 32 Ohio St. 66; *Pennsylvania etc. Ry. Co. v. Peters*, 116 Pa. 206, 9 Atl. 317; *Gulf etc. R. R. Co. v. Scott* (Tex. Civ. App.), 27 S. W. 827; *Hogan v. Tyler*, 90 Va. 19, 17 S. E. 723.)

"A traveler upon the highway who fails to look out for approaching railroad trains is guilty of negligence, and cannot recover for injuries received by a collision with a passing train." (*Railroad v. Houston*, 95 U. S. 697, 21 L. ed. 542; *Wabash etc. R. Co. v. Hicks*, 13 Ill. App. 407; *Northern Cent. Ry. Co. v. State*, 54 Md. 113; *Leak v. Railroad*, 90 Ala. 161, 24 Am. St. 775, 8 So. 245; *Herlick v. Louisville etc. R. Co.*, 44 La. Ann. 280, 10 So. 628; *Magner v. Truesdale*, 53 Minn. 436, 55 N. W. 607; *Taylor v. Missouri Pac. Ry. Co.*, 86 Mo. 457; *Texas etc. Ry. Co. v. Brown*, 2 Tex. Civ. App. 281, 21 S. W. 424; *Rockford etc. R. Co. v. Byam*, 80 Ill. 528.)

It was plaintiff's duty to stop, look and listen. (3 Elliott on Railroads, sec. 1095, p. 1648, and cases cited; *Hamilton v. Delaware etc. R. Co.*, 50 N. J. L. 263, 13 Atl. 29; *Omaha etc. Ry. Co. v. Talbot*, 48 Neb. 627, 67 N. W. 599; *Berry v. Pennsylvania R. Co.*, 48 N. J. L. 141, 4 Atl. 303.)

The track of a steam railroad is of itself a sign of danger, and one intending to cross must avail himself of every opportunity to look and listen for approaching trains, and if the view of the track is obstructed he should take greater pains to listen. (*Bilton v. S. P. Co.*, 148 Cal. 443, 113 Am. St.

285, 83 Pac. 440; *Colo. & Southern Ry. v. Thomas,* 33 Colo.
517, 81 Pac. 801, 3 Ann. Cas. 700, 70 L. R. A. 681; *Missouri
K. & T. Ry. v. Jenkins,* 74 Kan. 487, 87 Pac. 702; *Kunz v.
Ore. Ry. Co.,* 51 Or. 191, 93 Pac. 141, 94 Pac. 504; *Wester-
kamp v. Chicago, B. & Q. Ry.,* 41 Colo. 290, 124 Am. St. 137,
92 Pac. 687, 15 L. R. A., N. S., 554; *Baker v. Tacoma Eastern
Ry.,* 44 Wash. 575, 87 Pac. 826; *Woolf v. Washington Ry. &
Nav. Co.,* 37 Wash. 491, 79 Pac. 997.)

A person attempting to cross a railroad track must make
use of his ordinary faculties to ascertain if there is danger
in the attempt, or he will be held guilty of negligence.
(*Gonzales v. New York etc. R. Co.,* 38 N. Y. 440, 98 Am.
Dec. 58; *Salter v. Utica etc. R. R. Co.,* 75 N. Y. 273; *Railroad
Co. v. Houston,* 95 U. S. 697, 21 L. ed. 542.)

The testimony "tending to show contributory negligence
on the part of the deceased was so conclusive that nothing
remained for the jury, and the defendant was entitled to an
instruction to return a verdict in its favor." (*Armstrong v.
Spokane & I. E. Ry.,* 71 Wash. 624, 129 Pac. 379; Cent. Dig.,
"Negligence," secs. 227–352; Dec. Dig., "Negligence," sec.
136; *McKissick v. Oregon Short Line Ry.,* 13 Ida. 195, 89
Pac. 629; 29 Cyc. 629; *Kansas Pacific Ry. v. Pointer,* 14 Kan.
37.)

STEWART, J.—This action was brought by the appellant,
as administratrix of the estate of William J. Burrow, de-
ceased, against the respondent, to recover the sum of $3,000,
damages for the alleged wrongful death of her husband, Will-
iam J. Burrow. The complaint alleges the death of Burrow
and the appointment of appellant as administratrix of the
estate of the deceased, and her qualification as such; that
the respondent is a railroad company organized under the
laws of the state of Idaho, and the owner and operator of a
railroad which extends through Kootenai county, together
with the track, rolling stock and appurtenances belonging to
the same; that on October 24, 1911, William J. Burrow was
traveling northward in a wagon drawn by two horses along
a public highway in said county, which highway crosses the

railroad at a point about six miles northeast of Rathdrum and about 400 yards south of the Upper Fish Creek spur; that at the crossing there was at said time a sharp bend or curve, and on either side of the highway where it crosses said railroad, and particularly on the south side, there was a deep cut and high banks of earth; that in traveling toward said public crossing on said railroad south of said crossing it could not be seen by reason of said curve, cut and high banks of earth; that as deceased reached said public crossing de-. fendant ran one of its locomotives with a train of cars attached, then going southward, across said highway at said crossing at a careless and negligent rate of speed and without any warning of any kind, and did then and there cause its said locomotive and train of cars to pass rapidly over the railroad track and negligently and carelessly omitted its duty while approaching said crossing to give any signal by ringing the bell or sounding the steam whistle, by reason whereof deceased was unaware of the approach of said locomotive and train and in consequence thereof said locomotive struck the horses and wagon of the deceased, thereby causing the deceased to be thrown with great force and violence upon the ground, whereby he was instantly killed; that by reason of the carelessness, negligence and wrongful acts of the defendant in causing the death of the deceased, plaintiff as administratrix has been damaged in the sum of $3,000.

The respondent denies specifically the charges of negligence against respondent and charges contributory negligence on the part of the deceased, and alleges that on October 24, 1911, its train, consisting of a locomotive and a caboose, was running from Spirit Lake to Grand Junction; that as it approached this crossing it was running about thirty miles an hour; that said locomotive was equipped with a steam whistle and a bell; that as it approached said crossing the whistle was sounded at a distance of at least eighty rods from said crossing, and kept sounding at intervals until the locomotive crossed the crossing, and the bell was rung at a distance of at least eighty rods from the crossing; that as the locomotive crossed said crossing, while said whistle was being sounded and said bell being rung, the said deceased was driving along the public

highway from the east, and without stopping, looking or listening at all, he drove upon the railroad track with the wagon and team where said public highway crossed the railroad, and when said team was upon the track, instead of urging the horses forward, he attempted to back his horses along the public highway from the direction whence he came; that as soon as the crew saw the deceased drive upon the railroad in front of the locomotive, they exercised the utmost care, but that said train could not be stopped before it struck the said deceased, notwithstanding the fact that the engineer and crew were constantly on the lookout, and as soon as the deceased was discovered driving upon the track, they made every effort to stop the train, but that owing to the sudden driving by the deceased upon the railroad track in front of the locomotive, and at such a short distance in front thereof, they were unable to stop said engine and train in time to prevent running on said deceased and his team; and alleges that the death was caused by his own contributory negligence, which was the proximate cause of his death, and that his death was not caused by any negligence of the respondent, its servants, agents or employees.

After the evidence was completed upon the part of both parties, the following instruction was given to the jury: "The court instructs the jury, as a matter of law, that the evidence is insufficient in this action to justify or sustain a verdict for the plaintiff, and you are, therefore, instructed to return your verdict for defendant." The jury returned a verdict in compliance with the court's instruction. A motion was made for a new trial and overruled, and this appeal is from the order denying the application for a new trial.

The appellant assigns twelve errors, and the same will be summarized in three divisions:

1. That the court erred in refusing to permit appellant to cross-examine Ford J. Keller, under the statute, as an adverse and hostile witness, said Keller being the locomotive engineer of respondent.

The appellant relies upon the statute, Sess. Laws. 1909, p. 334, sec. 1, which is as follows:

"Sec. 1. A party to the record of any civil action or proceeding, or person for whose immediate benefit such action or proceedings is prosecuted or defended, or the directors, officers, superintendent or managing agents of any corporation which is a party to such record, may be examined by the adverse party as if under cross-examination, subject to the rules applicable to the examination of other witnesses; and the testimony given by such witnesses may be rebutted by the party calling him for such examination, by other evidence. Such witness when so called may be examined by his own counsel but only as to the matters testified to on such examination."

This statute provides three classes which may be examined by the adverse party as if under examination: 1st, a party to the record of any civil action or proceedings; 2d, the person for whose immediate benefit such action or proceedings is prosecuted or defended; 3d, the directors, officers, superintendent or managing agents of any corporation which is a party to such record.

Ford J. Keller was the locomotive engineer of the respondent; he does not come within the provisions of the foregoing section; he was not a party to the record of any civil action; he was not the person for whose immediate benefit such action or proceedings is prosecuted or defended; neither was he a director, officer, superintendent or managing agent of any corporation which was a party to the record; there was no error in the court's refusing the permit asked by the appellant to examine the witness.

2. The next question urged relates to errors 2, 3 and 4, and we will consider them together. These questions are objections involving the discretion of the court to allow the examination of the witness Martini by counsel for respondent in the manner complained of. A consideration of the court's rulings discloses that the appellant was not injured by the evidence sought by the examination. This objection will not be considered by this court because not included in appellant's assignments or specifications of error in the motion for a new trial, this appeal having been taken from the order denying

a new trial only, and not from the judgment.    The trial court did not err.

3. Assignments of error 5, 6, 7, 8, 9, 10, 11 and 12 are all based upon the sufficiency or insufficiency of the evidence. We have heretofore set out the general allegations of the complaint as to negligence and also the evidence supporting the allegations, and the evidence shows that the train was running about thirty miles an hour.    There is no evidence whatever that such speed was negligence or in excess of the speed that should be made by a train at the place where the accident occurred.    The evidence also shows that the road was in first-class condition, capable of running trains at any rate of speed. The evidence on the part of the respondent shows that the train was run, before it struck the crossing, at from thirty to thirty-five miles an hour, and when it passed the crossing at about eighteen miles per hour, and the appellant introduced no evidence as to the rate of speed.    The only evidence the appellant produced was to the effect that the respondent did not ring the bell or sound the whistle as required by statute, and the evidence given by the witness Gill on this question, who was about one-half mile south of the crossing engaged in putting up a tent for horses, was that he had heard two, it might be three, whistles, and the crash of the wagon, and after the crash he heard the bell ringing; that he did not hear the train whistle before these three toots; and in answer to the question as to whether, if the train had whistled or the bell had rung prior to the time before the three whistles, the witness could have heard it from where he was, he answered he heard those times, and he was asked if he could have heard it, and he said he could have heard it.    The evidence on the part of respondent shows that the whistle sounded twice and perhaps three times, eighty rods before the crossing, and that the bell was rung not only for a distance of eighty rods from the crossing and continuously until the train passed the crossing, but it rang continuously from Spirit Lake, a distance of eight miles, a bell operated automatically and under the control of the engineer and the fireman only, and that neither of them stopped the ringing of the bell until after the accident,

and the train was stopped some distance south of the crossing. In support of this there were six witnesses.

Sec. 2821, Rev. Codes, provides that a bell of at least twenty pounds' weight must be placed on each locomotive engine, and be rung at a distance of at least eighty rods from the place where the railroad crosses any street, road or highway, and be kept ringing until it has crossed such street, road or highway; or a steam whistle must be attached, and be sounded, except in cities, at the like distance, and be kept sounding at intervals until it has crossed the same, under a penalty of one hundred dollars for every neglect, to be paid by the corporation operating the railroad, which may be recovered in an action prosecuted by the prosecuting attorney of the proper county, for the use of the state. The corporation is also liable for all damages sustained by any person, and caused by its locomotives, trains or cars when the provisions of this section are not complied with.

The case of *Neil v. Idaho & Washington Northern R. Co.,* 22 Ida. 74, 125 Pac. 331, cited by respondent, has no application to the facts in the present case.

In the case of *Wheeler v. Oregon Short Line R. R.,* 16 Ida. 375, 102 Pac. 347, this court held that the question of liability depends, first, upon whether the defendant was negligent; second, if negligent, whether the plaintiff was guilty of contributory negligence. The respondent in this case sets up affirmatively the defense of contributory negligence upon the part of the deceased.

In the case of *Fleenor v. Oregon Short Line R. Co.,* 16 Ida. 781, 102 Pac. 897, this court, in dealing with the duty of a person approaching a crossing and passing over the same, holds as follows: "The railroad company has a right to assume that the traveling public will look and listen for passing trains, and that having looked and listened, they will discover the on-coming train and clear the track. The traveler has an equal and like right to assume that the railroad company will give the required signals of the train's approach, and that it will be running and operating its trains at such places at the usual and ordinary rates of speed." Under this

rule the evidence is conclusive, and there is no doubt upon the question that the railroad company was traveling at the usual and ordinary rates of speed, and that the railroad company gave the signals required by the statute and exercised the necessary care and gave the required notice, in blowing the signal and controlling the train in its speed at the crossing where the deceased was struck.

The preponderance of evidence in this case upon the question of contributory negligence shows that the deceased was guilty of contributory negligence, in that he did not stop or even look or listen, for had he looked or listened, he could both have seen and heard the train before he drove upon the crossing, or in time to have avoided the danger.

We find no error in the record. The judgment is *affirmed.* Costs awarded to respondent.

Ailshie, C. J., and Sullivan, J., concur.