## Bean, Appellant, *v.* City of Philadelphia.

*Negligence—Municipalities—Streets—Obvious defects—Vehicles —Driver—Failure to observe—Presumption—Burden of proof— Contributory negligence—Nonsuit.*

1. When a person is injured in broad daylight by a defect in the highway which is easily observable, a presumption of contributory negligence arises and the burden is upon the plaintiff to show conditions outside himself that prevented him from seeing the defect, or which would excuse his failure to observe it.

2. In an action by the driver of a wagon against a city to recover for personal injuries sustained in consequence of accidentally driving his wagon into a hole in a public street, a compulsory nonsuit was properly entered where it appeared that the accident occurred in broad daylight, and the hole which was twenty-four inches long and six inches wide, was easily observable, and that, although plaintiff testified in a general way that he did not see the hole because his attention was attracted to traffic on the street and pedestrians at the crossing, upon cross-examination he either admitted or stated facts which made it plain that his view of the hole, for seventy-five feet or more, was not intercepted by traffic or pedestrians, and that he had not looked at the surface of the roadway for at least two minutes before the accident.

Argued Jan. 15, 1918. Appeal, No. 119, Jan. T., 1917, by plaintiff, from judgment of C. P. No. 2, Philadelphia Co., March Term, 1916, No. 2804, refusing to take off compulsory nonsuit in case of Daniel Bean v. City of Philadelphia. Before BROWN, C. J., STEWART, MOSCH-ZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass for personal injuries. Before ROGERS, J.

The facts appear by the opinion of the Supreme Court.

1918.]    Assignment of Error—Opinion of the Court.

The trial judge entered a compulsory nonsuit, which the court in banc subsequently refused to take off. Plaintiff appealed.

*Error assigned,* among others, was in refusing to take off the nonsuit.

*Harry Goodfriend,* of *Goodfriend & Diamond,* for appellant.—The case was for the jury: Graham v. City of Philadelphia, 19 Pa. Superior Ct. 292; Quinlan v. Philadelphia, 205 Pa. 309; Dodson v. Wilkes-Barre Ry. Co., 57 Pa. Superior Ct. 327; Smith v. City of Philadelphia, 217 Pa. 118.

*Hugh McAnany, Jr.,* Assistant City Solicitor, with him *Michael J. McEnery,* Assistant City Solicitor, and *John P. Connelly,* City Solicitor, for appellee.—The nonsuit was properly entered: Lerner v. City of Philadelphia, 221 Pa. 294; Graham v. Philadelphia, 19 Pa. Superior Ct. 292; Kleckner v. Central R. R. Co. of N. J., 258 Pa. 461; Smith v. Philadelphia, 217 Pa. 118.

OPINION BY MR. JUSTICE MOSCHZISKER, February 18, 1918:

Plaintiff sued in trespass to recover for personal injuries alleged to be due to the negligence of defendant in failing to keep in proper repair a street upon which the former was driving. The trial judge entered a nonsuit, the court in banc refused to remove it and plaintiff has appealed.

The accident happened April 10, 1916, at about 9 a. m., on Germantown avenue just below Stenton avenue. Germantown avenue at that point is occupied by two car tracks, one to the east for northbound trolley cars, and the other to the west, for southbound cars. The plaintiff was driving a horse, attached to a delivery wagon, northward in the east track, at a walk. Just south of Stenton avenue, he attempted to turn from the track, to the right,

and the front left wheel of the wagon dropped into a hole about twenty-four inches long, six inches wide, and four or five inches deep, which was easily observable.

Plaintiff testified, in a most general way, that he did not see the hole because his attention was attracted to traffic on the street and pedestrians at the crossing. On cross-examination, however, he was brought down to particulars, and either admitted or stated facts which made it plain that neither the traffic nor the pedestrians intercepted his view of the hole, as he approached it, for seventy-five feet or more; further, that he had not looked at the surface of the roadway for at least two minutes before the accident.

When a person is injured in broad daylight by a defect in the highway which is easily observable, a presumption of contributory negligence arises, and the burden is upon the plaintiff to show conditions outside himself that prevented him from seeing the defect, or which would excuse his failure to observe it (Lerner v. Philadelphia, 221 Pa. 294; and opinion by RICE, P. J., in Graham v. Philadelphia, 19 Pa. Superior Ct. 292, 295). The present plaintiff did not overcome this presumption; on the contrary, he showed by his own testimony that he was negligent.

The assignments of error are overruled and the judgment is affirmed.