# Shepherd, Admrx., Appellant, v. Philadelphia.

*Negligence—Municipalities—Hole in road — Evidence — Contributory negligence—Presumption as to looking—Nonsuit.*

1. No recovery can be had against a city for personal injuries to a motorcyclist who rides into a large hole in a highway, where it appears that the injured man was familiar with the road, and could have seen the hole if he had used ordinary care.

2. If the injured man dies before the trial, his widow as administratrix is not entitled to avail herself of the presumption that the deceased used due care, and, he being dead, this would take the case to the jury, where the deceased's contributory negligence is affirmatively established by other evidence in the case.

Argued January 15, 1924. Appeal, No. 195, Jan. T., 1924, by plaintiff, from order of C. P. No. 1, Phila. Co.,

334 SHEPHERD, Admrx., Appel., *v.* PHILADELPHIA.

Assignment of Error—Opinion of the Court. [279 Pa.
Sept. T., 1920, No. 5164, refusing to take off nonsuit, in case of Zora Olive Shepherd, Administratrix of estate of William R. Shepherd, deceased. Before MOSCHZIS-KER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before SHOEMAKER, P. J.

The opinion of the Supreme Court states the facts.

Nonsuit; refusal to take off. Plaintiff appealed.

*Error assigned* was, inter alia, refusal to take off nonsuit, quoting record.

*Frederick H. Spotts*, with him *Joseph S. Conwell*, for appellant.

*Harry S. Platowsky*, Assistant City Solicitor, with him *Bernard J. O'Connell*, Assistant City Solicitor, and *Joseph P. Gaffney*, City Solicitor, for appellee.

PER CURIAM, February 4, 1924:

Plaintiff is administratrix of the estate of William R. Shepherd, deceased, who brought this action against the City of Philadelphia for personal injuries sustained by him on October 2, 1920; the court below entered a nonsuit which it refused to remove, and this appeal followed.

On the date before mentioned, at about five o'clock in the afternoon, Shepherd was riding his motorcycle in a southerly direction on Rising Sun Avenue, or Oxford Pike, south of Fox Chase, at a speed of between twelve and fifteen miles an hour. The roadway in question was in the centre of the avenue, with trolley tracks on both sides, the width between the two sets of tracks being twenty-five feet. On reaching a point south of where the Philadelphia & Reading Railway crosses the pike at grade, Shepherd drove his motorcycle into a hole, which was from three to three and one-half feet wide, from

20 to 24 inches long, eight to ten inches deep, and had existed near the centre of the road for three months. It was "full daylight" at the time, and there were no obstructions ahead of the cycle rider to prevent him from seeing the hole. Plaintiff produced evidence to show the hole had some "muddy water" in it at the time of the accident, but no witness undertook to say the presence of this water would prevent one using ordinary care from seeing the hole, and one man who was driving on the pike at the time of the accident testified that he himself had seen this defect in the road when twenty feet away.

The general condition of the highway was "very bad," in the sense that there were other holes or ruts near the place of the accident. Deceased, however, must have been thoroughly familiar with the road and its condition, for he had traveled over it, either in a milk wagon or on his motorcycle, daily for some time before the accident.

On October 9, 1920, Shepherd died as a result of his injuries; and plaintiff contends that, notwithstanding the above stated facts, which, under our cases (see Bean v. Phila., 260 Pa. 278), raise a clear presumption of contributory negligence, a nonsuit ought not to have been entered, because there is a presumption that the rider of the motorcycle exercised due care and, he being dead, this was enough to take the case to the jury. Appellant's contention cannot be sustained for, as said in Bernstein v. Pennsylvania R. R. Co., 252 Pa. 581, 586-7, "There was no room in this case......[to give controlling force to] the doctrine that the deceased, having lost his life, must be presumed to have exercised due care; this for the reason that the evidence showed affirmatively all the circumstances of the accident." This is peculiarly so in the present instance because plaintiff produced not only witnesses who were on the road and able to describe the attending conditions, but at least one who actually saw the accident; under the circumstances, the death of plaintiff's decedent took away a witness but did not

change the rules of law which control the facts proved by her, and these undoubtedly warranted the nonsuit, on the ground of contributory negligence, entered by the court below.

The order appealed from is affirmed.