Basel, Admrx., *v.* Pittsburgh, Appellant.

Argued September 29, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

reargument refused November 27, 1944.

*Frederic G. Weir,* Assistant City Solicitor, with him *Anne X. Alpern,* City Solicitor, for appellant.

*William L. Jacob,* for appellee.

OPINION BY MR. JUSTICE DREW, October 31, 1944.

These are companion suits in trespass brought by Mary Basel, widow of Joseph Basel, and administratrix

of his estate, to recover for her own loss and the loss of the estate, resulting from negligence of the City of Pittsburgh, defendant, which is claimed to have been the sole cause of his death. The jury awarded her $3548.20 in the death action and $100.00 in the survival action. The learned court below in each case refused to grant the municipality's motions for judgment n. o. v. and for a new trial and from the entry of judgments on the verdicts, it appealed.

The facts are not disputed. On September 14, 1942, a clear, sunny day, Joseph Basel, while driving his car north on Kendall Street, struck an accumulation of dirt in the street at the intersection of Kendall Street and Kent Way, and was thrown over an embankment to his death. Kendall Street is a paved thoroughfare which descends at a 23% grade. At the northern extremity of the grade, Kent Way, an unimproved dirt roadway, cuts sharply to the left, at a practical right angle; there is no other outlet from that end of Kendall Street. Progressing a few feet due north on Kendall Street beyond this intersection, there is an abrupt drop overlooking Keystone Street. This drop is approximately 60 feet; the automobile of deceased careened over the embankment and fell onto Keystone Street.

The accumulation of dirt which Basel struck had been created by erosion from the adjoining hill and the failure of the sewer to carry it away. At the time he struck it, it was approximately seven feet long, three feet wide and one foot deep. It had been there for about three years and was an annoying and notorious factor in the neighborhood. The City does not dispute that it had constructive notice and was negligent, but relies solely upon decedent's alleged contributory negligence to prevent recovery.

The uncontradicted testimony shows that this was decedent's home neighborhood, and that he was thoroughly familiar with Kendall Street. It was also shown that he frequently walked over this street, and was fully aware of the surrounding conditions.

Shortly before the accident, Basel's car was parked before a house on Kendall Street, about 200 feet from the embankment, and at a place from which the foot of Kendall Street, the curve into Kent Way, and the trees and fence at the end of Kendall Street could be seen plainly. He came out of the house, got into the car, and started down the 23% grade of Kendall Street at a speed of approximately 15 miles an hour. When he came to the end of the street the car was out of control. He struck the mound of dirt, could not make the curve into Kent Way, and car and driver were precipitated over the embankment. Under these conditions the speed at which he was travelling was excessive: *Knox v. Simmerman*, 301 Pa. 1, 151 A. 678. His loss of control and death were therefore due to his own negligence. There can be no doubt that he approached this difficult and dangerous turn, of which he had full knowledge, at a speed too great to permit adequate control. His very negligent driving was the proximate cause of his death.

We held in *Bean v. Philadelphia*, 260 Pa. 278, 103 A. 727, that where a person is injured in broad daylight by an easily observable defect, the presumption of contributory negligence arises. The circumstances of the instant case put it squarely under that rule. It is conceded that usually the deceased is presumed to have used due care and diligence (*Stark v. Fullerton T. Co.*, 318 Pa. 541, 179 A. 84), but this presumption has no application where the evidence shows affirmatively all the circumstances of the accident (*Berstein v. Penna. R. R.*, 252 Pa. 581, 97 A. 933). While ordinarily, where a person has been accidentally killed, the law will presume that he had taken all necessary precautions to assure his own safety, that presumption has no existence as against the certainty that if he had acted more carefully in a particular instance he would not then have died: *Stark v. Fullerton T. Co.*, supra.

Here the evidence, when viewed in the light most advantageous to plaintiff (*Anstine v. Penna. R. R. Co.*, 342

Pa. 423, 20 A. 2d 774), clearly establishes the contributory negligence of decedent. Therefore, his widow and administratrix are not entitled to the presumption of due care being given conclusive effect: *Shepherd, Admrx., v. Philadelphia,* 279 Pa. 333, 123 A. 790.

The facts of this case so clearly show the negligence of decedent, that they destroy the presumption of due care, and the court below should have found decedent guilty of contributory negligence as a matter of law.

Judgments reversed and here entered for defendant.